(June 9, 1904.)

## PIONEER IRRIGATION DISTRICT v. CAMPBELL.
### [77 Pac. 328.]

IRRIGATION BONDS—SURVEYS, MAPS AND PLANS.
1. Where an irrigation district has been regularly organized, and has had surveys, maps, plans and estimates made in accordance with the requirements of section 15 of the irrigation act (Sess. Laws 1903, p. 165), and a bond issue has been made, and the money raised thereon is not sufficient for the completion of the works planned, it is unnecessary to make a new survey and additional maps and plans as a prerequisite to the ordering and holding another election authorizing a further bond issue for completion of the works.

(Syllabus by the court.)

From a judgment confirming proceedings of the Pioneer Irrigation District in voting additional bonds and an order denying a motion for a new trial, an elector of the district appeals. Affirmed.

Smith & Plowhead, for Appellant, cite no authorities not cited in the opinion.

Rice & Thompson, for Respondent.

Session Laws of 1903, at pages 165 and 166, give the authority on which the board of directors acted in making this ad-

ditional issue of bonds. A statutory procedure in holding the election appears to have been followed. The only one of any consequence from the plan originally adopted was the lowering of the grade of the Phyllis canal at its head at a cost of about $20,000; that the board of directors had the power to make such slight allowances in their plan for the benefit of the district was held to be the law in the following cases: *Modesto Irr. Dist. v. Tregeas,* 88 Cal. 334, 359, 26 Pac. 237; *Cullen v. Glendora Water Co.,* 113 Cal. 510, 39 Pac. 769, 45 Pac. 822, 1047.

AILSHIE, J.—This action was commenced by the directors of the Pioneer Irrigation District for the approval and confirmation of their proceedings for an issue and sale of the bonds of the district in the sum of $40,000. The action was brought under section 16 of an act of the legislature approved March 9, 1903, entitled, "An action relating to irrigation districts and to provide for the organization thereof and to provide for the acquisition of water and other property and for the distribution of water thereby for irrigation purposes and for other and similar purposes." (Sess. Laws 1903, p. 167.) The petition alleges the organization of the district, and all the subsequent proceedings had in pursuance thereof, and the making of surveys, plans, maps, and estimates as provided by law, and the voting of bonds in the sum of $207,555, and approval and confirmation thereof by the district court, and the affirmance of such judgment by the supreme court, as reported in *Pioneer Irr. Dist. v. Bradbury,* 8 Idaho, 358, 101 Am. St. Rep. 201, 68 Pac. 295. It is averred in the petition that the directors, in constructing the works as laid out by the surveys, maps, and specifications previously adopted, have exhausted the receipts from the sale of bonds originally issued, and that the works are not yet completed, and that the board of directors have made their estimate of the amount necessary for the completion of the works and system as planned, and that it will require the further sum of $40,000 for such purpose. That after making such estimate they ordered and directed an election on the question of issuance of such additional bonds, and that upon such election the bond issue was authorized, and they thereupon prayed the court for an order confirming their pro-

ceedings and approving the issuance of such additional bonds. As authority for this bond issue and the proceedings herein, the directors rely upon that portion of section 15 of the act, *supra,* which provides, "And whenever thereafter said board in its judgment deems it for the best interest of the district that the question of the issuance of bonds in said amount or any other amount shall be submitted to the electors, it shall so declare of record in its minutes, and may thereupon submit such questions to said electors in the same manner and with like effect as at such previous election." (Sess. Laws 1903, p. 165.) The appellant, Campbell, demurred to the petition in the trial court, and, after his demurrer was overruled, answered, denying, on information and belief, most of the allegations as to the necessity for an additional bond issue, and the regularity of the election thereon. After a trial the court found in favor of the district, and entered its judgment approving and confirming the proceedings. From this judgment, and an order denying motion for a new trial, this appeal has been prosecuted.

The only point made by appellant is that, before an additional bond issue can be voted or authorized under the statute as above quoted, additional plans, maps, and estimates must be made, and all the proceedings taken under section 15 of the act that are required to be originally taken by a newly organized district. An examination of that portion of the act referring to the construction of canals and irrigation works, and the issuance of bonds therefor, satisfies us that appellant's contention would be correct if the additional bond issue was for the construction of additional works. But where the money to be raised is for the completion of the works already planned, and for which the surveys, maps, and plans have been made, then there can be no necessity for again doing such work, and it would be a useless thing to require the district to go to the additional expense and trouble which would be entailed in so doing.

We see no reason for disturbing the judgment of the trial court as entered in this proceeding. Judgment affirmed, and costs awarded to respondent.

Sullivan, C. J., and Stockslager, J., concur.